UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS,<br><br>             Plaintiff,<br><br>    v.<br><br>HOUSE OF CB USA, LLC,<br><br>             Defendant. | Case No. 2:20-cv-1606-JAM-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>ECF No. 8<br><br>ORDER TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT<br><br>ECF No. 7 |

This case is before the court on plaintiff's motion for default judgment. ECF No. 8. As explained below, the record fails to demonstrate that defendant was properly served with a copy of the summons and complaint. Accordingly, I will deny plaintiff's motion for default judgment without prejudice, and I will set aside the clerk's entry of default.

In plaintiff's motion for default judgment, she claims that defendant was served by personal service upon defendant's registered agent. ECF No. 8 at 2. However, plaintiff's proof of service reflects substituted service on "Kalra Ramos, Person in Charge" at an unidentified facility at 8448 Melrose Ave., West Hollywood, California, with service by mail to the same location. *See* ECF No. 5. Plaintiff was required either (1) to serve defendant's agent at the registered address, or (2) to serve a person in charge at that same address and then mail a copy of the summons and complaint to the agent at that address. *See* Fed. R. Civ. P. 4(h), 4(e)(1)

(permitting a corporation to be served in accordance with state law); Cal. Civ. Proc. Code § 415.20(a) ("In lieu of personal delivery of a copy of the summons and complaint" to the authorized agent, "a summons may be served by leaving a copy of the summons and complaint . . . at [the agent's] usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail . . . ."). The California Secretary of State's website shows that defendant's authorized agent for service is Ian Ashton, whose in-state address is 189 The Grove Dr., Los Angeles, California.[1] Plaintiff has not shown that he properly served defendant.

Additionally, plaintiff's motion for default judgment does not mention, let alone analyze, the controlling standards for this motion set out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Under *Eitel*, before granting a motion for default judgment, the court must consider: (1) possible prejudice to the plaintiff; (2) the merits of the plaintiff's claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a factual dispute; (6) whether the default was potentially due to excusable neglect; and (7) the general policy that cases be decided on the merits. *See id.* In considering these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Here, plaintiff seeks resolution of the case as a class action, but the class has not been certified. Plaintiff seeks $5,000,000 in damages, but she has not provided evidence to explain or justify that amount. Hence, beyond the lack of proper service, the *Eitel* factors support a denial of plaintiff's motion.

Accordingly, it is hereby ORDERED that the clerk's entry of defendant's default, ECF No. 7, is set aside, and plaintiff's motion for default judgment, ECF No. 8, is denied without prejudice.

---

[1] The court takes judicial notice of defendant's entity profile from the California Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros.. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

IT IS SO ORDERED.

Dated: July 2, 2021

/s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE